Filed 8/26/13  P. v. Escarsega CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C072349 |
| Plaintiff and Respondent, | (Super. Ct. No. SF110946A) |
| v. | |
| HENRY REYES ESCARSEGA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Henry Reyes Escarsega has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no errors, we shall affirm the judgment.

**BACKGROUND**

After the partial denial of his *Pitchess*[1] motion and the denial of his motion to suppress made pursuant to Penal Code[2] section 1538.5, defendant pled guilty to

---

[1]  *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

1

possession for sale of methamphetamine (Health & Saf. Code, § 11378) and child endangerment (§ 273a, subd. (a)) and admitted a prior strike conviction and that he had served a prior prison term (§§ 667, subds. (b)-(i), 667.5, subd. (b), 1170.12). The trial court sentenced defendant to the stipulated term of 10 years, four months in prison.

Defendant appealed his conviction to this court in case No. C064565, challenging the denial of his motion to suppress and the partial denial of his *Pitchess* motion as to one peace officer and asking us to review the records of another. Defendant's *Pitchess* motion had sought to discover the personnel records of Officers Huff and McCutcheon, the officers involved in the challenged search. The trial court summarily denied the motion as to Huff, finding the threshold for an in camera review of the records had not been met. The trial court conducted an in camera review of McCutcheon's file and ordered two of three incidents disclosed.

In case No. C064565, we agreed to review the partial denial of the *Pitchess* motion (despite defendant's failure to obtain a certificate of probable cause) to the limited extent that the *Pitchess* claims were directed to the legality of the search. (See *People v. Collins* (2004) 115 Cal.App.4th 137, 149.) We held the trial court erred in not reviewing Huff's file in camera. Because the records reviewed from McCutcheon's file were not maintained by the trial court, we were unable to review them. Accordingly, we conditionally reversed with directions to the trial court to conduct further proceedings regarding defendant's *Pitchess* motion. Specifically, we directed the trial court to conduct an in camera inspection of Huff's personnel records and to obtain and keep the previously reviewed records of McCutcheon.

Defendant's case was set for hearing on the remitittur; he was not brought to court for that hearing. The trial court conducted an in camera review of Huff's personnel

---

[2] Further undesignated statutory references are to the Penal Code.

records.  The court also obtained copies of the records originally reviewed from McCutcheon's file.  Finding no discoverable materials from the review of Huff's records, the trial court ordered the judgment reinstated.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.)  Counsel advised defendant of his right to file a supplemental brief within 30 days of the date of filing of the opening brief.

Defendant filed a supplemental brief asserting he had a right to be present at the *Pitchess* hearing we ordered on remand.  We disagree.

A criminal defendant has the right to be present at certain pretrial proceedings "only if his or her appearance 'is necessary to prevent "interference with [his] opportunity for effective cross-examination"' or if the proceeding represents a '"stage . . . that is critical to [the] outcome" and "his presence would contribute to the fairness of the procedure." [Citation.]' [Citation.]" (*People v. Clark* (2011) 52 Cal.4th 856, 1003-1004.)  A criminal defendant has no right to be personally present in chambers on "matters as to which his presence bears no reasonable, substantial relation to his opportunity to defend the charges against him." (*People v. Harris* (2008) 43 Cal.4th 1269, 1306.)  The *Pitchess* procedure requires the trial judge to examine "the personnel records in camera, away from the eyes of either party, and [to order] disclosed to the defendant only those records that are found both relevant and otherwise in compliance with statutory limitations.  In this manner, the Legislature has attempted to protect the defendant's right to a fair trial and the officer's interest in privacy to the fullest extent possible." (*People v. Mooc* (2001) 26 Cal.4th 1216, 1227 (*Mooc*); see also *Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1038; Evid. Code, §§ 915, subd. (b), 1043, 1045, subd. (b).)  Because defendant was not even *permitted* to be present at the in camera portion of the *Pitchess* hearing, due to its limited and confidential nature, his presence at

the hearing on remand, even if a critical stage, would not have contributed to the fairness of the proceedings.

The trial court reviewed Huff's personnel files and determined there were no discoverable materials. We have reviewed the sealed transcript of the *Pitchess* proceeding regarding Huff's records, which upon inspection is clearly "adequate for purposes of conducting a meaningful appellate review." (*People v. Myles* (2012) 53 Cal.4th 1181, 1209 (*Myles*); see also *Mooc, supra,* 26 Cal.4th at pp. 1229-1230.) We conclude the trial court followed proper *Pitchess* procedures and did not erroneously withhold any documents. (See *People v. Fuiava* (2012) 53 Cal.4th 622, 646-648.) We have also independently reviewed the sealed records from McCutcheon's personnel file and conclude the trial court did not abuse its discretion in declining to disclose the one complaint at issue. (See *Myles, supra,* 53 Cal.4th at p. 1209.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is affirmed.


                                              DUARTE        , J.


We concur:


      BLEASE        , Acting P. J.


      HOCH        , J.